ShackeleoRD, J.,
delivered the opinion of the Court.
This is a suit commenced by a petition in the Circuit Court of Smith County, by the plaintiff in error, praying-for writs of certiorari and supersedeas, to quash the levy of an -execution from the judgment of a Justice of Smith. The plaintiff in error alleges, he was the head of a family, and the property seized, one bed and bureau, was exempt by law, from levy and sale. The suits were awarded by the Circuit Judge. It appears from the proof, the plaintiff in error was the head of a family, himself and wife; his furniture consisting only of two beds and one bureau. They were in very indigent circumstances. The officer who made the levy, toot from them the property, and moved it off the premises. The levy was made on Saturday, and removed on the day following. The *285 proof, at the time the levy was made, is, the plaintiff in error claimed the property as exempt from execution. On the next day, at the time of the removal, there is some proof the plaintiff assented to the act of removal, but it was after the levy and seizure. The cause was submitted to a jury, under the charge of the Court, who instructed the jury, if the defendant in the execution had two in family, he was a householder and head of a family, then the property was not the subject of levy and sale by execution; hut the defendant might waive the right, and permit a sale of the property, to satisfy the execution, which would protect the officer; hut the defendant could, at any time, withdraw his assent before sale, on notice to the officer, and he was then hound to return the property. A judgment was rendered against the plaintiff in error; a new trial refused, and an appeal taken to this Court. The decision of this cause requires a construction of the several Acts for the benefit of poor persons, exempting certain property from execution. The object and purpose of the Legislature, in' passing the several Acts, was, to secure to each head of a family, certain property, necessary for their comfort, support and maintenance. In construing these Acts, we must take them as different parts of one Act. By the Act of 1820, certain articles were exempted, and they were protected in the possession of the head of the family. The Act creating the exemption, expressly forbid the seizure and sale of the property, and made it a misdemeanor for. an officer to violate the Act. The Acts of 1827, 1833 and 1842, and the *286 provisions of sections 2107, and the other sections of the Code, excluding these additional articles of property exempt from execution; to these articles, the rights and interests of the parties attach, as they were fixed by the Act of 1820. It is manifest, the object and purpose of the Legislature was, to extend the benefit to the family. No one, unless he was the head of a family, was entitled to the benefit of the law. If the father died, the provisions of the law extended to the mother and children. If the mother died, the property was protected in the hands of the personal representatives, for the use of the children. If the father absconded, it would not be taken by attachment, or other judicial process. It is property, around which every protection has been thrown, to secure the family in the use and enjoyment, and in which they have a common interest. It generally consists of their-humble earnings, and of such articles as are necessary for the support and maintenance of the family. The head of the family being protected in holding the property in possession, he holds it as a fund for the support and maintenance of those de-pendant on him, and they have an interest in .the property thus secured from the debts of the head of the family: See 2 Swan, 105. This principle being admitted, it follows, he cannot waive his right, and permit a levy and sale of the -property by execution. The language of the Act is imperative. The property exempt shall not be liable to seizure and sale by execution, and the head of the family cannot waive the right, as those dependent on him, are under the *287 protection of the law, and secured in the enjoyment of the property. If the property is taken from them, their protector has the right to recover the value, and the Courts will punish the officer violating the law; but in the mean time, want and suffering must follow, as the articles surrendered by the consent of him who was protected in the use for their benefit, were necessary for their subsistence. They ought to be protected in the use of the little corn for bread, the horse for the plough, or the yoke of oxen to draw them wood for fire, and the other articles necessary for their comfort. Such, in our opinion, was the intention of the Legislature in passing the several Acts under consideration; and in giving them a broad and liberal construction, we express and ■ carry out the intention of the Legislature. We are of, opinion the property exempt by execution, in possession of the head of a family, is held by him for the use and benefit of the family; that it cannot be levied upon and sold by his consent. It is a privilege ■ he cannot waive. In holding, the head of the family has not the right to waive the privilege and permit a sale by execution, we do not intend to hold, he has not the right to sell, barter or exchange the property protected, for the benefit of the family, or those interested.
The judgment of the Circuit Court will be reversed; the levy of the execution upon the property quashed.